**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DORETHA DYSON,                          :
                                        :
            Plaintiff,                   :
                                        :
VS.                                     :
                                        :        7 : 17-CV-44 (TQL)
NANCY A. BERRYHILL,                     :
Acting Commissioner of Social Security, :
                                        :
            Defendant.                   :
_____

# ORDER

Plaintiff filed this Social Security appeal on March 13, 2017, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations.   (Doc. 1).   Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).    All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment.   The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.   28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.   *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).   In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

### Administrative Proceedings

The Plaintiff filed applications for disability and Supplemental Security Income benefits in September and October 2013 respectively, alleging disability since June 14, 2013.  (T-201-25).   Her claims were denied initially and upon reconsideration.   (T-82-90, 101-111, 122-23).   A hearing was held before an ALJ in November 2015.   (T-41-81).   Thereafter, in a hearing decision dated December 9, 2015, the ALJ determined that the Plaintiff was not disabled.   (T-17-40).    The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.   (T-1-7).

### Statement of Facts and Evidence

The Plaintiff was 42 years of age at the time of the ALJ's decision.   (T-209).   Plaintiff alleges disability since June 14, 2013, due to herniated discs, neck complications, and shoulder complications. (T-209, 212).   Plaintiff completed the 11th grade, and has past relevant work experience as a paper carrier and production assembler.   (T-32, 246).   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of cervical degenerative disc disease, carpal tunnel syndrome, and right shoulder tendonitis.   (T-22).   The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity

with certain exceptions and additions.   (T-24, 25).   The ALJ relied on the testimony of a Vocational

Expert to determine that the Plaintiff could return to her past relevant work as a paper carrier and as a

production assembler, and thus was not disabled.   (T-32).

## DISCUSSION

Plaintiff contends that the ALJ's residual functional capacity determination is not supported by

substantial evidence, that the ALJ erred by failing to properly analyze Plaintiff's credibility, and that the

ALJ's determinations at Steps Four and Five of the sequential evaluation process are not supported by

substantial evidence.   (Doc. 12).

### *Residual functional capacity*

Plaintiff initially asserts that the ALJ's residual functional capacity ("RFC") assessment is not

supported by substantial evidence, in that the ALJ based her assessment only on the findings of a

non-examining state agency doctor and the ALJ's own "medical findings".   (Doc. 12).   Plaintiff further

contends that the ALJ did not include any of the findings of examining physician Dr. Odeh in the RFC.

The ALJ determined that

> the claimant has the residual functional capacity to perform light work . . .
> except she can frequently climb ramps and stairs; never climb ladders or
> scaffolds; frequently balance, stoop, crouch and crawl; frequent exposure
> to unprotected heights, moving mechanical parts, and operating a motor
> vehicle; and frequently be exposed to vibrations; frequently operate hand
> controls on both the left and right; frequently reach overhead on the right
> side; and frequently handle with both the left and right hands.

(T-25).

Plaintiff claims that the ALJ erred in relying only on the findings of Dr. Janet Gibson, a

non-examining physician, and the ALJ's own medical determinations.   As noted by the Commissioner,

the ALJ did not rely solely on Dr. Gibson's findings or his own determinations, but considered the totality

of the evidence in finding Plaintiff capable of light work with certain restrictions and additions.   The ALJ

3

reviewed Plaintiff's testimony regarding pain and limitations, as well as the objective medical record and the opinions issued by medical sources.   (T-25-32).   The ALJ assigned great weight to the opinion of Dr. Janet Gibson based on her opinion being consistent with the objective medical record.   (T-30).   The ALJ assigned partial weight to the opinion issued by consultative examiner Dr. Steve Odeh, based on the lack of a treating relationship, Dr. Odeh's lack of access to all of Plaintiff's medical records, the objective medical record, and internal inconsistency in Dr. Odeh's report.   (T-30-31).   The ALJ reviewed the remaining medical evidence of record, including treatment records, and found that further restriction in the RFC was not supported by the objective medical record.   (T-31-32).

An ALJ "may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional."   *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).   "The law is clear that the ALJ may not substitute his judgment or conclusions for the medical evidence on the record or the diagnosis of a medical professional."   *Lake v. Astrue*, 2012 WL 3631623, *11 (M.D.Ala. 2012).   Herein, although the Plaintiff disagrees with the ALJ's conclusions, the ALJ did not substitute her opinion for that of the medical experts.   Rather, she provided reasons for discounting certain portions of the medical record and the Plaintiff's subjective complaints to the extent they provided conflicting results regarding the Plaintiff's physical limitations. *See Tanner v. Astrue*, 2012 WL 4754436 (S.D.Ga. 2012) (ALJ did not substitute his opinion for that of any medical expert, but only provided reasons to discredit plaintiff's subjective complaints).

### Credibility

Plaintiff further alleges that the ALJ erred in failing to articulate explicit and adequate reasons for rejecting Plaintiff's testimony regarding pain.   If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity

which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled. If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ analyzed Plaintiff's residual functional capacity in terms of her back impairment and pain, shoulder pain, carpal tunnel syndrome, headaches, and side effects of her medications, and determined that

> [Plaintiff's] inconsistent reports of pain and her full range of motion in her neck support the . . . residual functional capacity and suggest the claimant's neck impairment is not as significant as alleged. . . Additional facts in the medical evidence of record suggest that the claimant's back impairment is less severe than the claimant alleges. . . [C]laimant's allegations of severity [regarding her shoulder pain] are not supported by the medical evidence of record . . . The many notations of normal range of motion and normal right shoulder findings discussed [], however, do not justify further limitations. . . [C]laimant's impairment from her carpal tunnel syndrome is not as severe as alleged. The medical evidence of record [] supports "frequent" (as opposed to "continuous") limitations in handling and operating hand controls in the

> [] residual functional capacity. . . [A]n environmental restriction in the
> claimant's residual functional capacity to frequent but not continuous
> exposure to vibrations is supported by the claimant's impairment
> caused by her headaches . . . [but] [t]he lack of . . . other objective
> medical evidence documenting debilitating headaches indicates that no
> further restriction is necessary regarding the claimant's headaches. . .

(T-26-29).

Regarding Plaintiff's testimony regarding her daily activities, the ALJ found that

> [t]he claimant's allegations at the hearing are partially inconsistent with
> the State Agency records [detailing greater activities of daily living].
> The claimant does not have to be utterly incapacitated in order to be
> found disabled, but her activities of daily living[] are inconsistent with
> the allegations of disabling pain and symptoms.

(T-29-30).

The Court finds that the ALJ made specific credibility findings which are supported by substantial evidence.   The ALJ reviewed in detail the objective medical record and Plaintiff's testimony, and specifically found as to each element of alleged impairment that her statements were not supported by the objective medical record, to the degree of impairment alleged by Plaintiff.    The ALJ did credit portions of Plaintiff's testimony to establish her RFC.   The ALJ's conclusion that Plaintiff's allegations were not wholly supported by the objective record is supported by substantial evidence.

***Past relevant work and other work***

Finally, Plaintiff asserts that the ALJ erred at Step Four and Step Five of the sequential evaluation process, specifically in finding that Plaintiff could return to her past relevant work as a paper carrier and in finding that there were other jobs in the national economy which Plaintiff could perform.   Plaintiff initially asserts that her past work as a paper carrier was not substantial gainful activity.   Plaintiff further contends that the ALJ posed hypotheticals to the Vocational Expert ("VE") that were not supported by

6

substantial evidence, and then erred in relying on the VE's testimony regarding other jobs Plaintiff could perform.

Even if the ALJ erred in finding that Plaintiff's past work as a paper carrier constituted substantial gainful activity, as noted by the Commissioner, this error was harmless, as the ALJ found that Plaintiff could also perform her past relevant work as a production assembler.    (T-32).

To the extent that Plaintiff asserts that the hypotheticals posed to the VE did not encompass all of Plaintiff's limitations, she has failed to point to any specific limitations that were allegedly not included in the hypotheticals.    "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."    *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).    The Plaintiff has failed to show that additional restrictions were supported by objective medical findings or opinions, and therefore should have been included in her residual functional capacity assessment.    Moreover, the ALJ is not required to discuss every piece of evidence or aspect of a medical opinion.    *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 1st day of March, 2018.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb

8